# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00251-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TYRON JEROME HUNTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the *pro se* Defendant's motion for relief under the First Step Act [Doc. 487], as amended and supplemented by the Federal Defenders' Supplemental Memorandum in Support of Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 502]. The Government, through counsel, consents to the requested relief. [Doc. 503].

In February 2007, the Defendant pled guilty to one count of violating 21 U.S.C. §§ 841 and 846 by conspiring to possess with intent to distribute 50 or more grams of cocaine base. At the time of his offense, that charge carried a statutory penalty range of 10 years to life. However, because the Government filed a § 851 notice of prior conviction, the Defendant faced a statutory minimum sentence of 20 years and a minimum supervised release

term of 10 years.  [PSR at ¶¶ 92, 95].  As part of the Defendant's plea agreement, the parties stipulated that "[t]he amount of cocaine base that was known to or reasonably foreseeable by the defendant was in excess of 500 grams but less than 1.5 kilograms." [Doc. 104 at ¶ 6a].  At sentencing, the Court calculated a guidelines range of 240 to 262 months and imposed the minimum sentence of 240 months.  [See Doc. 232].

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect.  Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841.  Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams."  Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.  Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391.  Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2

2

or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019). His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accordance with § 841(b)(1)(B)'s statutory penalties, which provide for a ten-year statutory minimum sentence based on the Government's § 851 notice.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, reduces the Defendant's total offense level from 34 to 32. U.S.S.G. § 4B1.1(b), (c). Based thereon,

his Guidelines range is reduced from 210 to 262 months to 168 to 210 months. See U.S.S.G. § 5A (sentencing table for offense level 32 and criminal history category VI). This Court previously sentenced the Defendant at the low end of his guidelines range. A proportionate reduction under the First Step Act would yield a sentence of 168 months.

The Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Finally, the Court notes that the Supplemental Presentence Report indicates that the Defendant has received some minor disciplinary actions while in custody. [See Doc. 499: Supp. PSR at 2-3]. The Defendant, however, has also successfully completed numerous educational programs and work assignments. [Id. at 3]. With good time earned, he currently has a total of 178 months of BOP credited time. [See id. at 2].

For all these reasons, the Court concludes that the Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court, in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant's term of supervised release shall be reduced to a period of eight (8) years.

**IT IS, THEREFORE, ORDERED** that the *pro se* Defendant's motion for relief under the First Step Act [Doc. 487], as amended and supplemented by the Federal Defenders' Supplemental Memorandum in Support of Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 502], is **GRANTED**, and the Defendant's sentence is hereby reduced to Time Served plus ten (10) days and the term of supervised release is hereby reduced to a term of eight (8) years. All other terms and conditions of the Defendant's Judgment [Doc. 232] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.** Signed: February 24, 2020

Martin Reidinger
United States District Judge